**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **KELLY RENEE PELICAN-REED** | * | **CIVIL ACTION NO. 6:14-cv-00783** |
| | * | |
| **VERSUS** | * | **JUDGE REBECCA F. DOHERTY** |
| | * | |
| **POLICE DEPARTMENT OF THE CITY OF OPELOUSAS, ET AL.** | * * | **MAG. JUDGE C. MICHAEL HILL** |

## ANSWER

**NOW INTO COURT**, through undersigned counsel, come defendants, THE CITY OF OPELOUSAS, through the Opelousas Police Department, LORETTA ETIENNE and RODNEY MAY, and for their Answer to the Complaint of plaintiff, KELLY RENEE PELICAN-REED, on behalf of JR (Jr.), respectfully aver:

### FIRST DEFENSE

This Court lacks subject matter jurisdiction under because the Complaint fails to state a cognizable action under federal law. FED. R. CIV. PROC. 12(b)(1).

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted. FED. R. CIV. PROC. 12(b)(6).

### THIRD DEFENSE

Plaintiff lacks capacity to sue on behalf on behalf of JR (Jr.) as the Complaint is devoid of any proof that she is the natural or legal tutrix or guardian of JR (Jr.). FED. R. CIV. PROC. 17.

### FOURTH DEFENSE

For answer to the allegations contained in each and every numbered paragraph of the Complaint, defendants aver as follows:

1.

The allegation that plaintiff is a Louisiana citizen is admitted. The remaining allegations of paragraph 1 are denied for lack of information sufficient to justify a belief therein.

2.

Defendants deny that they are proper parties to this action, but admit their identities and business address as set forth in paragraph 2 of the Complaint.

3.

The allegations of paragraph 3 of the Complaint constitute legal conclusions and require no answer, but the same are nevertheless denied.

4.

The allegations of paragraph 4 (incorrectly numbered as paragraph 1) are denied, except to admit that, on October 12, 2013, a minor believed to be the person identified in the Complaint as JR (Jr.), was involved in an incident or disturbance with one or more members of another group of approximately eleven (11) persons at Sktaz Skating Rink.

5.

The allegations of paragraph 5 (incorrectly numbered as paragraph 2) are denied, except to admit that LORETTA ETIENNE told the persons involved in the disturbance, including the minor believed to be JR (Jr.), to contact their rides and return home.

6.

The allegations of paragraph 6 (incorrectly numbered as paragraph 3) are denied.

7.

The allegations of paragraph 7 (incorrectly numbered as paragraph 4) are denied for lack of information sufficient to justify a belief therein.

8.

The allegations of paragraph 8 (incorrectly numbered as paragraph 5) are denied for lack of information sufficient to justify a belief therein.

9.

Defendants admit the allegations of paragraph 9 (incorrectly numbered as paragraph 4) that an internal investigation was conducted and that LORETTA ETIENNE and RODNEY MAY were justified and exonerated of any wrongdoing.

10.

The allegations of paragraph 10 (incorrectly numbered as paragraph 5) are denied for lack of information sufficient to justify a belief therein.

11.

Plaintiff's request for a jury trial requires no answer.

12.

Defendants admit that, at all times material, LORETTA ETIENNE and RODNEY MAY were employees of the Opelousas Police Department. The remaining allegations of paragraph 12 (incorrectly numbered as paragraph 6) constitute legal conclusions and require no answer, but are denied out of an abundance of caution.

13.

The prayer for relief in paragraph 13 (incorrectly numbered as paragraph 7) is denied.

14.

All other allegations of the Complaint not expressly admitted above are denied.

**AND NOW**, further answering the allegations of the Complaint, and for their affirmative defenses, defendants allege and aver as follows:

## FIFTH DEFENSE

The damages and injuries alleged in the Complaint were caused not by the negligence or fault of the defendants, but rather, were caused by the intentional misconduct and comparative negligence of plaintiff and JR (Jr.), which bars or reduces any recovery of damages.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

## SEVENTH DEFENSE

The damages and injuries alleged in the Complaint were caused not by the negligence or fault of the defendants, but rather, were caused by the intentional misconduct and negligence of third persons for whom the defendants bear no legal responsibility.

## EIGHTH DEFENSE

At all times material, all actions taken by the defendants were in good faith and without any intent or malice under the law, and were believed to constitutional.

## NINTH DEFENSE

At all times material, any and all actions taken by defendants were reasonable, justified, and legally permissible.

## TENTH DEFENSE

As a separate and complete defense to the allegations made by plaintiff, defendants are entitled to absolute and/or qualified immunity, and, as a result, defendants are neither subject to suit, nor can they be held liable for plaintiff's alleged injuries and damages.

## ELEVENTH DEFENSE

As a political subdivision of the State of Louisiana, defendants are entitled to and plead the statutory limitation of liability, costs and interests of LA. REV. STAT. §§ 13:5106 and 13:5112

as well as any other statutory or jurisprudential limitation of liability, costs or interest available to defendants under federal or state law.

**TWELFTH DEFENSE**

Defendants are immune from any liability or under the applicable provisions of federal and state law, including LA. REV. STAT. § 9:2798.1, for exercising or performing, or allegedly failing to exercise or perform, policymaking or discretionary acts within the course and scope of their lawful powers and duties that allegedly caused or contributed to the subject incident or plaintiff's alleged injuries and damages.

**THIRTEENTH DEFENSE**

Plaintiff and/or JR (Jr.) have failed to mitigate their damages as required by law.

WHEREFORE, defendants, THE CITY OF OPELOUSAS, through the Opelousas Police Department, LORETTA ETIENNE and RODNEY MAY, pray that this Answer be deemed good and sufficient, and after due proceedings are had, there be judgment in their favor and against plaintiff, KELLY RENEE PELICAN-REED, dismissing all of her claims with prejudice at her cost, and awarding defendants the reasonable attorneys' fees and costs they incur to defend this action. Defendants further pray for all general and equitable relief.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ A. Kirk Gasperecz*

A. Kirk Gasperecz (La. Bar #17583)
4500 One Shell Square
New Orleans, LA 70139
(504) 581-3234

Attorneys for Defendants,
POLICE DEPARTMENT OF THE CITY OF OPELOUSAS, LORETTA ETIENNE and RODNEY MAY

**CERTIFICATE OF SERVICE**

I certify that on July 14, 2014, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system. All unrepresented parties are being served by depositing a copy of this pleading in the United States Mail, properly addressed and first class postage pre-paid this same date.

*/s/ A. Kirk Gasperecz*
A. KIRK GASPERECZ